Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
T: (818)907-2030
E: stuart@pricelawgroup.com
Attorneys for Plaintiff,
Cynthia Castanon

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CYNTHIA CASTANON,

    Plaintiff,

vs.

LOANME, INC.,

    Defendant.

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    1. TCPA, 47 U.S.C. § 227
    2. RFDCPA, Cal. Civ. Code § 1788

**(Unlawful Debt Collection Practices)**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Cynthia Castanon ("Plaintiff"), through her attorneys, alleges Count I and Count II against Defendant, LoanMe, Inc., ("LoanMe"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal

Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et. seq., which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendants transact business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Los Angeles County in the state of California.

7. Defendant, LoanMe, is a debt collector engaged in the business of collecting debts with its principal place of business located in Anaheim, CA. Defendant can be served with process at 1900 S. College Blvd., Suite 300, Anaheim, CA.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendant was attempting to collect a debt from Plaintiff.

10. In or around May 2017, Defendant began placing calls to Plaintiff's cellular phone number (562) 822-1646, in an attempt to collect a debt.

11. The calls mainly originated from the following numbers: (844) 774-7368; (949) 535-7509; (562) 315-1621; (323) 419-3345; (949) 535-7517; (562) 591-5902; (805) 856-0111; (844) 774-7368; (949) 535-7569; (925) 526-4607; and (562) 924-1646. Upon information and belief, these numbers are owned or operated by Defendant.

12. On or about May 2, 2017, at 8:34 a.m., Plaintiff answered a call from Defendant and spoke with a representative.

13. Defendant informed Plaintiff that it was attempting to collect a debt.

14. During that call, Plaintiff asked not to be called any further. Despite her request, Plaintiff continued to receive calls on her cellular phone.

15. From May 8, 2017 to June 26, 2017, Defendant called Plaintiff nearly every day, often multiple times per day, despite her revocation of consent to be called further.

16. On several occasions, Defendant called Plaintiff multiple times in quick succession. (May 26, 2017 at 3:02 p.m. and 3:23 p.m.; June 5, 2017 at 8:09 p.m. and 8:13 p.m.; June 14, 2017 at 10:48 a.m. and 10:54 a.m.; June 24, 2017 at 11:30 a.m. and 11:45 a.m.)

17. Between May 2, 2017 and June 26, 2017, Defendant contacted Plaintiff on her cellular telephone approximately sixty-five (65) times, despite her revocation of consent to be contacted by Defendant.

18. On July 3, 2017, Plaintiff faxed a letter to Defendant at 949-535-9150. The letter advised Defendant to only speak to Plaintiff through written communication.

19. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

20. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id*.

21. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id*. at 14091-92, paras. 132-33.

22. Defendant placed calls to Plaintiff in a manner to predict the times she was available to answer her phone, indicating the use of a predictive dialer. After receiving calls at seemingly random times, the calls became more consistent at certain times of the day.

23. For example, Defendant called Plaintiff at 12:34 p.m. (June 13, 2017), 12:24 p.m. (June 14, 2017), 12:25 p.m. (June 15, 2017), 12:13 p.m. (June 20, 2017), 12:39 p.m. (June 23, 2017), and 12:25 p.m. (June 26, 2017).

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

25. Further, Defendant's calls often occurred while Plaintiff was at work and disrupted her day. Defendant's conduct induced stress and anxiety for Plaintiff due to the high volume of harassing phone calls received from Defendant at all hours of the day.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

   a) Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff on Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

28. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)**

29. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

30. Defendant violated the Rosenthal Fair Debt Collection Practices Act. Defendant's violations include, but are not limited to, the following:

    a) Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    b) Defendant violated Cal. Civ. Code § 1788.11(e) by "communicating, by telephone or in person, with the debtor with such frequency as to be

unreasonable and to constitute harassment to the debtor under the circumstances."

31. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

32. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Cynthia Castanon, respectfully request judgment be entered against Defendant, LoanMe Inc., for the following:

A. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

B. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

C. Declaratory judgment that Defendant violated the RFDCPA;

D. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices act, Cal. Civ. Code §1788.30(b);

E. Actual damages pursuant to Cal. Civ. Code §1788.30(b);

F. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §1788.30(c);

G. Any other relief that this Honorable Court deems appropriate

                                      RESPECTFULLY SUBMITTED

Dated: September 21, 2017

                                      PRICE LAW GROUP, APC

                                      By:/s/ Stuart Price
Stuart Price, Esq.
15760 Ventura Blvd., Suite 800
Encino, CA 91436
T: (818)907-2030
E: stuart@pricelawgroup.com
Attorneys for Plaintiff
Cynthia Castanon